E-FILED
Thursday, 12 March, 2009  03:27:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHARLES K. HICKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-1297 |
| PEORIA COUNTY JAIL, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

On February 9, 2009, the Court entered a Text Order, ordering Defendant Peoria County Jail to file a responsive pleading to Plaintiff Charles K. Hickey's Amended Complaint. On February 25, 2009, Defendant filed a Motion to Dismiss [#21] and on March 9, 2009, Plaintiff filed his Response. For the reasons set forth below, the Court GRANTS Defendant's Motion.

## DISCUSSION

Defendant argues that the Amended Complaint should be dismissed for three reasons: (1) Peoria County Jail is not a legal entity; (2) the Court lacks jurisdiction over Peoria County because it was not properly served; and (3) Plaintiff's claims are time-barred. The Court will address each of these arguments.

1.  **Peoria County Jail is not a legal entity**

The Defendant argues that Peoria County Jail is not a legal entity that can sue and be sued. The Defendant further argues that there are no provisions in Illinois law for the creation of a legal entity by the name of Peoria County Jail.

The Court finds merit to this argument and believes that Plaintiff may have intended to sue Peoria County, which Defendant addresses in its next argument.

2.  **The Court lacks personal jurisdiction over Peoria County**

Defendant argues that Plaintiff failed to properly serve Peoria County and, accordingly, that this Court lacks personal jurisdiction over Peoria County. Defendant argues that Plaintiff attempted to serve Peoria County via substitute service on Chief Deputy Needham of the Peoria County Sheriff's Department. Defendant argues that this service was insufficient under Federal Rule of Civil Procedure 4(j), which provides that service may be had on local government Defendants by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Defendant explains that under Illinois law, the Chief Deputy Sheriff of Peoria County is not the chief executive officer of Peoria County. Further, state law mandates that only the County Clerk and the County Board Chairperson can accept service of process for a county. (735 ILCS 5/2-211). Defendant notes that any actual knowledge that Peoria County or its agents had of this suit is insufficient to satisfy the requirements of proper service and to confer personal jurisdiction over Peoria County. *Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (1991). The

Court finds merit to this argument but knows that Plaintiff could try to cure this procedural defect. Therefore, the Court will address Defendant's final argument.

3.     **Plaintiff's claims are time-barred**

It appears from the pleadings that Hickey is pursuing a claim under § 1983. Federal courts look to statutes of limitation of the state where the injury occurred, which means that § 1983 claims in Illinois are subject to a two-year statute of limitations. The date of accrual of a claim is determined by Federal law, which holds that "§ 1983 claims accrue when the plaintiff knows or should have known that his or her constitutional rights have been violated." *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993).

Defendant argues that Plaintiff's claims are time-barred. In Plaintiff's Response to the Court's December 4, 2008, Order requiring him to more fully allege his cause of action relating to a false arrest/ excessive force claim, Hickey seems to state that his claims arise from two incidents. (See Response, [#18]). The first incident occurred in the Peoria County Jail on Easter weekend 2006. The date of Easter Sunday in 2006 was April 16, 2006. The second incident arose from an identity theft problem that occurred around his July 3, 2006, birthday. The Court's docket indicates that Hickey filed his original Complaint on October 31, 2008, more than two years after either incident.

Hickey filed a Response to the Defendant's Motion to Dismiss. In his Response, he states "extenuating circumstances" caused his delay in filing his Complaint, specifically mentioning his four appearances in Judge Gorman's court and identity theft. The Court finds that neither of these reasons would have delayed Hickey's discovery of

his alleged injuries nor do they provide a sufficient reason for why he postponed filing this action. Therefore, the Court finds Hickey's claims are time-barred.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss [#21]. All Defendants have been dismissed and this action is DISMISSED with prejudice.

ENTERED this 12th day of March, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge